IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-30745
Summary Calendar

MICHELLE KOCHENSKY; BRIAN WELSH

Plaintiffs-Appellants

SMOLOW & LANDIS

Appellant

V.

EDUCATIONAL TESTING SERVICES INC

Defendant

ATTORNEY'S FEE COMPENSATION COMMITTEE (AFCC)

Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-md-01643

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiffs Michelle Kochensky and Brian Welsh, along with their counsel, the law firm Smolow & Landis, challenge the district court's approval of the allocation of attorneys' fees proposed by the Appellees, the Attorney's Fee Compensation Committee (AFCC). We find no error and affirm.

In 2006, a settlement was reached by the parties to multi-district litigation involving individual and class claims of negligence and breach of contract against Educational Testing Services (ETS). The settlement required ETS to pay $11.1 million into a common fund. Kochensky and Welsh, represented by the law firm of Smolow & Landis, objected to the court-appointed special master's recommendation to distribute forty percent of the proceeds of the fund to cover attorneys' fees. Among their arguments was that forty percent was an overly large attorneys' fee. The court eventually reduced the attorneys' fee portion to twenty-nine percent.

The separate counsel for the Plaintiffs formed the three-person AFCC in order to allocate the attorneys' share of the common fund. The AFCC created a formula to compensate attorneys who performed work for the common benefit of all Plaintiffs based in part on the number of hours worked. Although Smolow & Landis received funds for common benefit work, of the approximately 350 hours that the firm submitted, the AFCC only recognized approximately twenty hours as common benefit time.

The Appellants objected in the district court to the fee award proposed by the AFCC, claiming that Smolow & Landis was entitled to compensation for (1) all of the hours it submitted as common benefit time, and (2) the additional hours it spent arguing its successful objection to the special master's fee proposal, which resulted in an additional eleven percent of the common funds being allocated to the Plaintiffs. The district court approved the proposed allocation of fees, explaining in a detailed opinion its reasons for rejecting the objections. Regarding the common benefit hours, the court found that Smolow

& Landis did not explain how the numerous hours it claimed benefitted the class as a whole, and described several specific examples of claimed time in which the work performed served only the firm's individual client. Specifically concerning the fee percentage objection, the court acknowledged that its had ruled consistently with that objection. However, the court stated that its ruling was made independently of and was not benefitted by the objection. The court noted that it had an obligation independent of any party's objection to analyze the reasonableness of attorneys' fees in the settlement agreement. The court also distinguished Smolow & Landis' objection from the kind of "helpful" objection which assists a court in focusing complicated legal issues.[1] Instead, the objection merely referenced this Circuit's well-known standard for evaluating the reasonableness of attorneys' fees and did not offer significant guidance on what fee percentage the court should award.

After reviewing the record and the arguments on appeal, we find no error. For the reasons stated by the district court, the allocation of attorneys' fees is reasonable. In addition, the district court did not abuse its discretion in denying Appellants' motions for leave to file additional materials.

AFFIRMED.

---

[1] See e.g., Feinberg v. Hibernia Corp., 966 F. Supp. 442, 455 (E.D. La. 1997); In re Domestic Air Transp. Antitrust Litig., 148 F.R.D. 297, 358 (N.D. Ga. 1993).